# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

WESTERN DISTRICT, SEPT. TERM, 1827.

*STATE & AL.* vs. *WILSON.*

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court. Two actions were brought by the plaintiffs against the defendant, for the recovery of penalties alleged to have been incurred by him for violations of the privileges of the Opelousas Steam-Boat Company. The petitions allege, that by the act of incorporation of that company it is provided, that if any person or persons shall *set up, keep and maintain*, in opposition to the said association, any vessel propelled by steam, and shall transport therein

any person or persons, for hire, profit or emol- Western Dis't S'pt. 1827.
ument, from Opelousas river to Placquemine,
or from Placquemine to Opelousas river, STATE &AL vs. WILSON.
along the route contemplated by the act of in-
corporation, &c.; and that the defendant kept
up and maintained, a certain vessel propelled
by steam, called the Dolphin, and transported
persons for hire and emolument, from Plac-
quemine to Opelousas river, and from Ope-
lousas river to Placquemine.

The defendant pleaded the general issue
and other pleas; the suits were consolidated;
there was judgment in his favor, and the plain-
tiffs appealed.

The evidence shews, that the Dolphin made
several trips from the city of New-Orleans to
the place of the landing on the Opelousas ri-
ver, which is one of the *termini* of the ferry
granted to them by their act of incorporation,
and that she necessarily passed along the route
contemplated by the act of the legislature be-
tween the two *termini* of the ferry.

The privilege of the company must be com-
mensurate with its duties ; the latter consist in
the transportation of persons, animals, and
goods, from one of the *termini* to the other,
They alone can take passengers and goods at
one of the *termini*, to transport them to the

other. But as the company cannot be compelled to transport persons or goods from Opelousas river to New-Orleans, or from New-Orleans to Opelousas river, they cannot complain if any other person do so, although such person necessarily pass along the route of the ferry established by the legislature, and granted to the company.

A different construction of the act of incorporation would give to the company the exclusive privilege of trading to or from Opelousas river, to any other part of the state, in vessels propelled by steam, without imposing on them the obligation of keeping such vessels in that trade.

The only case in which it is alleged the Dolphin took a passenger from the lower *termini* to the upper, is that of Heighmart, who is stated to have been taken at Placquemines, and got on board at the junction of Placquemine and the Mississippi, about half a mile below the mouth of the bayou, the boat having stopped to put out freight.

In all cases, principally in penal actions, the the plaintiff must clearly prove his case, and he cannot hope to succeed if he leaves it doubtful. Here the defendant contends, that

the lower *terminus* is the park, or the lower end of bayou Placquemine; that if the place where the Mississippi enters the bayou be the *terminus* then the ferry is from the Mississippi to Opelousas, not from Plaquemine to Opeloussas. Further, that the testimony leaves it doubtful whether the passengers came in half a mile below the junction, i. e. on the Mississippi, or half a mile below the junction with the bayou. To this it is urged that the testimony is, that the passenger came in at Placquemines, i. e. in the bayou Placquemines.

The spot on which a collection of houses have been erected along the Mississippi, immediately below it enters the bayou, and in which there is, or was, a post-office, is called Placquemines, and may include the banks of the river for nearly half a mile. We do not think that the evidence is so clear as to justify us from departing from a rule in which we have found much safety, to respect matters of fact, the conclusion of those who had the advantages of seeing and hearing the witnesses.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs, and that the plaintiff, Luke Lesassier, pay the costs in both courts,

*Ogden* and *Brownson* for the plaintiffs, *Garland* and *Simon* for the defendant.